RECEIVED
IN MONROE, LA
NOV 0 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 3:06-CR-30030-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JAZMIN ADELAIDA GUERRERO | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant's Motion to Dismiss Indictment [Doc. No. 19]. The Government filed an Opposition to Defendant's Motion and Brief to Dismiss Indictment [Doc. No. 21]. For the following reasons, Defendant's motion is DENIED.

### FACTS AND PROCEDURAL HISTORY

On or about July 19, 2006, Defendant was stopped by a Louisiana State Trooper on I-20 near Monroe, Louisiana, in Ouachita Parish, for speeding. Defendant provided the officer with a Texas identification card. A computer check revealed that Defendant was unlicensed, and a routine N.C.I.C. check revealed an active warrant for Defendant's arrest for an immigration violation. The officer placed Defendant under arrest, and she was transported to the Ouachita Correctional Center where she was booked for speeding, driving without a license, and the N.C.I.C. warrant. On the same date, the Department of Homeland Security, Immigrations and Customs Enforcement ("ICE") placed a detainer on Defendant.

On August 16, 2006, the Government filed a criminal Complaint in this Court on the basis of Defendant's alleged illegal re-entry into the United States. The same day, an arrest warrant issued against Defendant, and she made an initial appearance in Federal Court before

Magistrate Judge Mark L. Hornsby. Defendant waived her right to a detention hearing and was remanded to the custody of the United States Marshal Service.

On August 24, 2006, a one-count indictment was filed, charging Defendant with knowingly and unlawfully entering the United States, in violation of 8 U.S.C. § 1326(a).

On September 19, 2006, Defendant was arraigned and pled not guilty to Count 1 of the Indictment.

On October 17, 2006, Defendant filed this Motion to Dismiss.

## **LAW AND ANALYSIS**

The Speedy Trial Act requires that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Speedy Trial Act, as a general rule, does not apply when a defendant is detained on civil deportation charges. *United States v. De La Pena-Juarez*, 214 F.3d 594, 597-98 (5th Cir. 2000).

However, the Fifth Circuit Court of Appeals has recognized an exception to the general rule. Under the "ruse exception," the Speedy Trial Act deadline is applicable if a defendant establishes "that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution." *Id.* at 598.

In this case, Defendant was arrested both for state traffic violations, including driving without a license, and on a N.C.I.C. warrant. The same day ICE placed a civil detainer on her. She has made no argument and presented no evidence that her civil detention by ICE was a ruse to hold her for criminal prosecution. *See United States v. Cornejo-Flores*, 254 F.3d 1082, 2001 WL 564140 at *2 (5th Cir. 2001) (per curiam) ("[T]he Speedy Trial Act is not implicated" if there

2

is no evidence that prosecutors and the ICE colluded "to hold defendant for future prosecution.").

Once Defendant was arrested on the basis of the federal criminal complaint, the Government obtained an indictment within one week. Accordingly, the Court finds no violation of the Speedy Trial Act.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Indictment [Doc. No. 19] is DENIED.

Monroe, Louisiana, this _9_ day of _November_, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE